1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNIE S. MARTIN, | ) | No. C 04-1752 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | PLAINTIFF'S MOTIONS FOR |
| | ) | DEFAULT; DENYING |
| vs. | ) | MOTION TO COMPEL; |
| | ) | DENYING MOTION FOR |
| | ) | COURT ORDER; GRANTING |
| E. RAMOS, | ) | DEFENDANT'S MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| Defendant. | ) | |
| | ) | (Docket Nos. 13, 15, 16, 17, 25) |

20
21
22
23
24
25
26
27
28

Plaintiff, an inmate at Salinas Valley State Prison proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On March 18, 2005, the Court ordered service of one of the claims and dismissed one claim without leave to amend. Defendant filed a motion for summary judgment. Plaintiff has filed an opposition and Defendant filed a reply. Plaintiff has filed two motions for entry of default, a motion to compel, and a motion for a court order concerning his legal property. Based upon the record and the briefing, the Court concludes that Defendant's motion for summary judgment should be GRANTED. Plaintiff's motions (docket nos. 9, 13, 15, 16, 25) will be DENIED.

**BACKGROUND**

Plaintiff alleges that an administrative appeal by which he sought permission to correspond with his older brother, Hubert D. Martin, an inmate at the Correctional Training Facility ("CTF") in Soledad, California, was partially granted.  He claims that Defendant refused to verify his family information with the CTF and replied to Plaintiff that "No one is going to make me do anything . . . I'll make sure your correspondence is denied."  See Complaint at 3.  Plaintiff claims that Defendant retaliated against him because Plaintiff previously complained and reported Defendant for an incident of harrassment.  Plaintiff contends that Defendant harassed him, threatened him, and abused her power in refusing to allow Plaintiff to correspond with his brother.  Plaintiff seeks injunctive relief requesting an injunction or court order allowing him to correspond with his brother.

**DISCUSSION**

A.    Motion for Order to Show Cause and Motions for Entry of Default

_____Plaintiff filed two motions for entry of default and a motion for order to show cause as to whether the Defendant was served.  On March 22, 2005, a summons issued to Defendant and to the Attorney General's Office.  On May 19, 2005, Defendant, through counsel, filed a motion for extension of time to file a dispositive motion.  The Court granted Defendant's motion for extension of time on May 23, 2005.  Accordingly, Plaintiff's motion for order to show cause as to whether Defendant was served (docket no. 9) is DENIED; the official docket reflects that Defendant returned the executed summons on May 24, 2005.  Plaintiff's motions for entry of default (docket nos. 13, 15) also are DENIED because Defendant responded within the sixty-day deadline as required by the Court's order of service.

\\\

\\\

\\\

1  B.    Motion to Compel

2        Plaintiff filed a motion to compel, requesting that the Court order Defendant to

3  provide documents relating to: all disciplinary actions taken against Defendant, all

4  progress reports and any recommendations from the California Department of Corrections

5  ("CDC"), and all pending and out of court lawsuits filed against Defendant as a CDC

6  employee.   Plaintiff also requested that the Court order Defendant to respond to

7  Plaintiff's first set of interrogatories.  The Court concludes that the requested information

8  and documents are not relevant to the issues set forth in the pending motion for summary

9  judgment.  Accordingly, Plaintiff's motion to compel (docket no. 16) is DENIED.

10  C.    Motion For Summary Judgment

11         1.    Standard of Review

12         Summary judgment is proper where the pleadings, discovery and affidavits

13  demonstrate that there is "no genuine issue as to any material fact and that the moving

14  party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are

15  those which may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477

16  U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient

17  evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.

18         The party moving for summary judgment bears the initial burden of identifying

19  those portions of the pleadings, discovery and affidavits which demonstrate the absence

20  of a genuine issue of material fact.  Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).

21  Where the moving party will have the burden of proof on an issue at trial, it must

22  affirmatively demonstrate that no reasonable trier of fact could find other than for the

23  moving party.  But on an issue for which the opposing party will have the burden of proof

24  at trial, as is the case here, the moving party need only point out "that there is an absence

25  of evidence to support the nonmoving party's case."  Id. at 325.

26         Once the moving party meets its initial burden, the nonmoving party must go

27  beyond the pleadings and, by its' own affidavits or discovery, "set forth specific facts

28

Order Denying Plaintiff's Motions for Default; Denying Motion to Compel; Denying Motion for Order; Granting
Defendant's Motion for Summary Judgment
P:\pro-se\sj.jf\cr.04\Martin752msjmisc          3

1   showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The court is only

2   concerned with disputes over material facts and "factual disputes that are irrelevant or

3   unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

4   (1986).  It is not the task of the court to scour the record in search of a genuine issue of

5   triable fact.  Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party

6   has the burden of identifying, with reasonable particularity, the evidence that precludes

7   summary judgment.  Id.  If the nonmoving party fails to make this showing, "the moving

8   party is entitled to judgment as a matter of law."  Celotex Corp v. Catrett, 477 U.S. at

9   323.

10          **2.      Plaintiff's Claims**

11          Plaintiff alleges that Defendant retaliated against him by refusing to verify his

12  family information in order for him to obtain permission to correspond with his brother,

13  who is incarcerated at the Correctional Training Facility.  Defendant allegedly told

14  Plaintiff that "No one is going to make me do anything . . . I'll make sure your

15  correspondence is denied."  See Complaint at 3.  Plaintiff claims that Defendant's

16  conduct was motivated by Plaintiff's prior written complaint against Defendant for

17  harassment.  Plaintiff contends that Defendant abused her power in refusing to allow him

18  to correspond with his brother, and seeks relief through an injunction or court order

19  allowing him to correspond with his brother.

20          In her motion for summary judgment, Defendant acknowledges that Plaintiff is

21  now permitted to correspond with his brother as of June 16, 2005.  Defendant submitted a

22  copy of the request for inmate correspondence (CDC form 1074) which was approved by

23  both prison facilities as of June 16, 2005.  See Decl. of Eloy Medina in Support of Def.'s

24  Motn., Ex. A.  Defendant notes that the only relief Plaintiff seeks by his complaint is an

25  injunction or court order allowing him to correspond with his brother.  Because this

26  request has already been granted, Defendant contends that there is no genuine issue of

27  material fact and that no case or controversy presently exists.  See Def.'s Motn. at 4-5.

28

Order Denying Plaintiff's Motions for Default; Denying Motion to Compel; Denying Motion for Order; Granting
Defendant's Motion for Summary Judgment

1   In his opposition, Plaintiff contends that Defendant has not disputed his claim of

2   retaliation.  Plaintiff alleges that Defendant deliberately retaliated against Plaintiff for

3   "writing her up."  See Pl.'s Opp. at 1.  Plaintiff claims that there is nothing to prevent

4   Defendant or other CDC staff from revoking their permission for him to correspond with

5   his brother, except for a court injunction.  Plaintiff cites to a CDC policy prohibiting any

6   reprisal against an inmate for filing an appeal.  See California Code of Regulations, Title

7   15, § 3084.1.  Plaintiff also alleges that the two prisons conspired to conceal Defendant's

8   actions by granting Plaintiff's request for correspondence after he filed the instant

9   complaint.  Plaintiff repeats that there is nothing to stop the prison administration from

10   cancelling his ability to correspond with his brother after the instant case is resolved.

11   Plaintiff requests that the Court issue an injunction to prohibit the prisons from cancelling

12   his right to correspond with his brother.  Plaintiff claims there are material facts in dispute

13   and that he is entitled to relief, including compensation for his emotional distress, costs

14   and attorney pro-se fees.  See Pl.'s Opp. at 2-3.

15   The jurisdiction of federal courts depends on the existence of a "case or

16   controversy" under Article III of the Constitution.  PUC v. FERC, 100 F.3d 1451, 1458

17   (9th Cir. 1996).  A claim is considered moot if it has lost its character as a present, live

18   controversy, and if no effective relief can be granted: "Where the question sought to be

19   adjudicated has been mooted by developments subsequent to filing of the complaint, no

20   justiciable controversy is presented."  Flast v. Cohen, 392 U.S. 83, 95 (1968); see, e.g.,

21   Foster v. Carson, 347 F.3d 742, 745-46 (9th Cir. 2003) (constitutional challenge

22   requesting declaratory relief to Oregon's "Budget Reduction Plan" suspending certain

23   criminal proceedings and appointment of public defenders for indigent defendants in

24   those proceedings is moot where at time of appeal plan has expired and appellate court

25   unable to provide any relief to plaintiffs).  A claim also may be considered moot if interim

26   relief or events have completely and irrevocably eradicated the effects of the alleged

27   violation.  See Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1274

28

Order Denying Plaintiff's Motions for Default; Denying Motion to Compel; Denying Motion for Order; Granting
Defendant's Motion for Summary Judgment
P:\pro-se\sj.jf\cr.04\Martin752msjmisc                    5

1    (9th Cir. 1998) (claim for injunctive and declaratory relief for unconstitutional blood and

2    urine tests was not mooted by the cessation of the testing because there were lingering

3    effects of the violations that could be remedied, i.e., a defendant retained the test results

4    and could be ordered to expunge the unconstitutional test results from its records).  Where

5    injunctive relief is involved, questions of mootness are determined in light of the present

6    circumstances.  See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

7        Here, the Court concludes that there is no controversy remaining, nor any

8    requested relief for the Court to provide.  "The requirements for the issuance of a

9    permanent injunction are the likelihood of substantial and immediate irreparable injury

10   and the inadequacy of remedies at law." Easyriders Freedom F.I.G.H.T. v. Hannigan, 92

11   F.3d 1486, 1495 (9th Cir. 1996).  Permanent injunctive relief may not be granted absent a

12   great and immediate threat that the plaintiff will suffer future irreparable injury for which

13   there is no adequate remedy at law.  See Nava v. City of Dublin, 121 F.3d 453, 458 (9th

14   Cir. 1997).  Past injury to plaintiff is insufficient to satisfy this requirement, as is a threat

15   of future injury to other citizens, rather than to plaintiff specifically.  See id. at 459. [1]

16       In the instant action, Plaintiff concedes that he is able to correspond with his

17   brother at the CTF prison facility.  Plaintiff's only request for relief is an injunction to

18   permit him to correspond with his brother.  Plaintiff's allegations concerning possible

19   future harm and retaliation is purely speculative.  Plaintiff fails to show any irreparable,

20   immediate injury at the present time.  Moreover, Plaintiff has an adequate remedy at law,

21   as he may file a new civil rights action based upon any alleged retaliation in the future.

22   Because Plaintiff did not seek any damages in the instant complaint, he cannot now

23   request damages for emotional distress and fees.[2]

24

25       [1]    In actions involving prison conditions, the Prisoner Litigation Reform Act of 1995
     ("PLRA") further restricts the power of the court to grant prospective relief.  See 18 U.S.C. §
26   3626(a); Oluwa v. Gomez, 133 F.3d 1237, 1239 (9th Cir. 1998).

27       [2] Plaintiff is free to file a new complaint for any damages, if he can do so in good faith.  The
28   Court notes that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison

Order Denying Plaintiff's Motions for Default; Denying Motion to Compel; Denying Motion for Order; Granting
Defendant's Motion for Summary Judgment
P:\pro-se\sj.jf\cr.04\Martin752msjmisc                                6

**CONCLUSION**

The Court concludes that Defendant is entitled to judgment as a matter of law, as Plaintiff's claim for injunctive relief is now moot.  Defendant's motion for summary judgment (docket no. 17) is GRANTED.  Plaintiff's motions (docket nos. 9, 13, 15, 16, 25) are DENIED.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  __ 3/28/06 _____

_____
JEREMY FOGEL
United States District Judge

---

or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  A determination that a plaintiff's claim for injunctive relief is moot does not mean that the plaintiff's claim for damages is moot as well. See McQuillion v. Schwarzenegger, 369 F.3d 1091, 1095-96 (9th Cir. 2004) (holding plaintiff's claims for damages were not moot where claims for injunctive and declaratory relief were mooted by his successful habeas petition and subsequent release); Bernhardt v. Jones, 279 F.3d 862, 872 (9th Cir. 2002) (holding that a plaintiff's claim for damages was not moot although the plaintiff's claim for prospective relief was).

1    A copy of this ruling was mailed to the following:

2

3    Ronnie S. Martin
     T-64750/ B3-210U
     Salinas Valley State Prison
4    P.O. Box 1050
     Soledad, CA  93960-1050
5

6    Jay C. Russell
     CA State Attorney General's Office
7    455 Golden Gate Ave
     Suite 11000
8    San Francisco, CA  94102-7004

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Plaintiff's Motions for Default; Denying Motion to Compel; Denying Motion for Order; Granting
Defendant's Motion for Summary Judgment
P:\pro-se\sj.jf\cr.04\Martin752msjmisc                    8